UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACIE DAVIS, | CASE NO. C19-1929-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| HELEN C. CHOO *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On December 6, 2019, United States Magistrate Judge Mary A. Theiler granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 4.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that, in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a

claim. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is appropriate if a complaint fails to put forth "a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff captions her complaint as a negligence suit based on diversity of citizenship, but she checks the box "federal question" as the basis for federal court jurisdiction. (*Compare* Dkt. No. 5 at 1 *with id.* at 3.) She names the following Defendants: Helen C. Choo, owner of a 76 Stop Store; the Seattle Police Department and Carmen Best, Chief of Police; Phillips 66 HQ and Greg Farland, CEO; and the Seattle 911 Headquarters. (*Id.* at 2–3.) She alleges that on January 1, 2019, an employee of a store assaulted and discriminated against her on the basis of her race. (*Id.* at 6–7.) She further alleges that Seattle Police failed to respond to a 911 call reporting the incident. (*Id.* at 7.) She states that the statutes, treaties, and constitutional provisions at issue include: 18 U.S.C. § 242, the Fifth Amendment Due Process clause, the Fourteenth Amendment Equal Protection clause, 42 U.S.C. § 1983, 334 U.S.C. § 101, the Civil Rights Act of 1964, and the Universal Declaration of Human Rights, Articles 2, 3, 5, 7, 20(1) and 21(2). (*Id.* at 5.) Plaintiff requests $1 billion in monetary damages.

Plaintiff's request for $1 billion appears frivolous. Moreover, Plaintiff fails to state a plausible claim because she does not clearly connect any of the specific actions of any of the Defendants with the laws she cites, nor does she describe what injuries she suffered because of each alleged violation of law.

Although the Court finds that the complaint is frivolous and fails to state a claim upon which relief can be granted, it will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS that Plaintiff file an amended complaint no later than 21 days from the date of this order. In her amended complaint, Plaintiff must provide the Court with a short and plain statement of each claim, specifying: (1) the laws or statutes upon which her claims are based; (2) exactly what facts support each of the alleged violations of law;

and (3) what specific injury Plaintiff suffered because of each alleged violation of law. She must also indicate which Defendants are liable for each claim and why. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 16th day of January 2020.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk