THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STACIE DAVIS,

                          Plaintiff,

        v.

HELEN C. CHOO, *et al.*,

                          Defendants.

CASE NO. C19-1929-JCC

ORDER

This matter comes before the Court on Plaintiff Stacie Davis's amended complaint (Dkt. No. 7) and on Ms. Davis's response (Dkt. No. 23) to the Court's order directing her to file proof of service of the summons and complaint (Dkt. No. 22). Having thoroughly considered Ms. Davis's filings and the relevant record, the Court hereby DISMISSES this matter without prejudice for the reasons explained herein.

## I.    BACKGROUND

In November 2019, Ms. Davis filed a motion for leave to proceed *in forma pauperis* (IFP) and a proposed complaint. (Dkt. Nos. 2, 2-1, 5.) Ms. Davis's complaint alleged that an employee of a store in Seattle punched her in the face, the attack was based on Ms. Davis's race, and the Seattle Police Department failed to respond to a 911 call reporting the incident. (*See generally* Dkt. No. 5.) Ms. Davis sought $1 billion in damages and named as Defendants Helen C. Choo, owner of a 76 Stop Store; the Seattle Police Department and Carmen Best, Chief of

Police; Phillips 66 HQ and Greg Garland, CEO; and the Seattle 911 Headquarters. (*Id.* at 2–3, 5.) The Honorable Mary Alice Theiler, United States Magistrate Judge, granted Ms. Davis's IFP application but recommended review under 28 U.S.C. § 1915(e)(2)(B) before issuance of summonses. (Dkt. No. 4.) The Court reviewed the complaint under 28 U.S.C. 1915(e)(2)(B) and concluded that Ms. Davis failed to state a claim upon which relief can be granted. (Dkt. No. 6.) The Court gave her an opportunity to file an amended complaint within 21 days of the order. (*Id.* at 2.) Ms. Davis timely filed an amended complaint, (Dkt. No. 7), and the Clerk issued summonses, (Dkt. No. 8).

On motion of Defendants Phillips 66 Company and Greg Garland, the Court dismissed the claims against those Defendants. (Dkt. No. 17.) The Court denied Ms. Davis's motions for entry of default judgment and ordered her to file proof of service on the remaining Defendants, Helen C. Choo and Carmen Best ("Defendants"), within 14 days. (Dkt. No. 20.) Ms. Davis requested an extension of time, stating that she needed to obtain bank records "showing the purchase at the post office." (Dkt. No. 21 at 1.) The Court granted the motion, noting that "[i]t appears Ms. Davis may have attempted to perfect service of process by U.S. mail," but "that is not an authorized manner of serving an individual or local government." (Dkt No. 22 at 2 (citing Fed. R. Civ. P. 4(e), (j)).) Nevertheless, the Court exercised its discretion under Federal Rule of Civil Procedure 4(m) to extend the time for service. (*Id.*) The Court ordered Ms. Davis to serve Defendants in accordance with Federal Rule of Civil Procedure 4 and file proof of service by October 30, 2020, or face dismissal of her claims without prejudice for failure to prosecute. (*Id.*) Ms. Davis has now responded by filing a bank record showing that she made a payment to the United States Postal Service in March 2020. (Dkt. No. 23.)

## II.    DISCUSSION

The Court dismisses the remaining claims in this matter under Federal Rule of Civil Procedure 4(m) and 28 U.S.C. § 1915(e)(2)(B) because Ms. Davis has failed to file proof of

timely service of the summons and complaint on Defendants and her amended complaint fails to state a claim upon which relief can be granted.

### A.       Failure to Properly Serve Defendants

Federal Rule of Civil Procedure 4(m) requires a plaintiff to effectuate service on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m); *see Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (an IFP plaintiff who does not request service by the marshal remains responsible for timely service). If a defendant is not served within 90 days after the complaint is filed, the Court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure to serve, the Court must extend the time for service by an appropriate period. *Id*. A showing of good cause requires more than ignorance of the rules for service of process and more than inadvertence or mistake. *Martin v. Longbeach*, 246 F.3d 674 (9th Cir. 2000).

The Court has twice exercised its discretion to extend the time for Ms. Davis to effectuate service, most recently ordering her to properly serve Defendants and file proof of service by October 30, 2020. (Dkt. Nos. 20, 22.) The bank record she has submitted showing a $7.69 payment to the United States Postal Service (USPS) does not establish that she properly served Defendants. (*See* Dkt. No. 23.) It is not clear what the payment to UPSPS was for, and even so, U.S. mail is not an authorized manner of serving an individual or local government under Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4(e), (j). Nor has Ms. Davis shown good cause for the failure to serve. Accordingly, the Court DISMISSES Ms. Davis's remaining claims without prejudice. *See Ville v. Meridian at Stone Creek Assisted Living*, 2017 WL 4700340, slip op. at 1 (W.D. Wash. 2017) (dismissing IFP plaintiff's complaint for failure to timely serve the defendant); *Pease v. Astrue*, 2008 WL 4161958, slip op. at 1 (W.D. Wash. 2008) (same); *McClain v. 1st Sec. Bank of Washington*, 2014 WL 7043474, slip op. at 2 (W.D. Wash. 2014) (same).

1

**B.      Failure to State a Claim**

2

Dismissal of Ms. Davis's remaining claims is also required under 28 U.S.C.

3

§ 1915(e)(2)(B) because her amended complaint (Dkt. No. 7) fails to state a claim against

4

Defendants.

5

**1.   Legal Standard**

6

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must dismiss an IFP complaint at any

7

time if the action fails to state a claim upon which relief can be granted. To state a claim upon

8

which relief can be granted, a complaint must contain sufficient factual matter, accepted as true,

9

that demonstrates the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662,

10

677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that

11

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

12

alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts,

13

conclusory allegations of law and unwarranted inferences will not suffice to state a claim.

14

*Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,*

15

266 F.3d 979, 988 (9th Cir. 2001). The Court construes *pro se* complaints liberally. *See Hebbe v.*

16

*Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

17

**2.   Claims Against Defendant Helen Choo**

18

Ms. Davis's amended complaint alleges Defendant Helen Choo is liable for negligent

19

hiring and retention and negligent training and supervision. (Dkt. No. 7 at 1–2.) To state claims

20

for negligent hiring and retention under Washington state law, Ms. Davis must allege that Ms.

21

Choo had knowledge of her employee's unfitness or failed to exercise reasonable care to

22

discover the unfitness before hiring or retaining him. *Anderson v. Soap Lake Sch. Dist.*, 423 P.3d

23

197, 206 (Wash. 2018). To state a claim for negligent supervision, Ms. Davis must allege facts

24

supporting the inference that the employee presented a risk of harm, Ms. Choo knew or should

25

have known in the exercise of reasonable care that he posed a risk to others, and Ms. Choo's

26

failure to supervise was a proximate cause of Ms. Davis's injury. *Garrison Sagepoint Fin., Inc.*,

345 P.3d 792, 801 (Wash. Ct. App. 2015). Ms. Davis's amended complaint alleges only that a store employee assaulted her and discriminated against her. These limited factual allegations standing alone are insufficient to state a claim for negligent hiring and retention and negligent training and supervision.

Liberally construing Ms. Davis's complaint, the Court also perceives an effort to state a claim against Ms. Choo under the Washington Law Against Discrimination (WLAD), which prohibits discrimination based on race in places of public accommodation. *See* Wash. Rev. Code § 49.60.215. To establish a prima facie showing of race discrimination in public accommodation under the WLAD, a plaintiff must show (1) the plaintiff is a member of a protected class, (2) the defendant's establishment is a place of public accommodation, (3) the defendant discriminated against plaintiff by not treating her in a manner comparable to the treatment it provides to persons outside that class, and (4) the protected status was a substantial factor causing the discrimination. *Demelash v. Ross Stores, Inc.*, 20 P.3d 447, 456 (Wash. App. 2001). A "substantial factor" means that the protected characteristic was a significant motivating factor for the treatment. *Scrivener v. Clark Coll.*, 334 P.3d 541, 545 (Wash. 2014). Ms. Davis's amended complaint makes only the bare conclusory allegation that a store employee discriminated against her and is devoid of facts giving rise to an inference that her treatment was motivated by a protected characteristic. Accordingly, she fails to state a WLAD claim.

Finally, Ms. Davis makes passing reference to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, but that statute prohibits discrimination by programs receiving federal financial assistance. Ms. Davis does not allege that Ms. Choo's store was a program receiving federal funding and therefore fails to state a Title VI claim.

### 3. Claims Against Defendant Carmen Best

Ms. Davis alleges that Seattle Police Chief Carmen Best and the Seattle Police Department "breached their duty" by failing to come to her aid when she called 911 after being assaulted by the store employee. (Dkt. No. 7 at 2.) However, this claim is barred by the public

1    duty doctrine. "Under the public duty doctrine, there is no liability for a public official's

2    negligent conduct unless it is shown that the duty breached was owed to the injured person as an

3    individual and not merely the breach of an obligation owed to the public in general." *Torres v.*

4    *City of Anacortes*, 981 P.2d 891, 897 (Wash. App. 1999). For a 911 call to give rise to an

5    actionable duty, there must be both a telephone conversation with the 911 operator and an

6    affirmative promise or agreement to provide assistance. *Cummins v. Lewis Cty.*, 133 P.3d 458,

7    463 (Wash. 2006). Ms. Davis alleges that Seattle Police had her "wait over one hour with still no

8    help in sight. . . . Nobody came to protect or make any type of arrest. . . . The police were told

9    where to go at two different 30 minute intervals apart but no one responded to the plaintiff's

10   emergency." (Dkt. No. 7 at 2.) These allegations do not give rise to an inference that 911

11   operators made an affirmative promise of aid that gave rise to a duty of care owed by Seattle

12   Police to Ms. Davis as an individual. Accordingly, she fails to state a negligence claim.

13       Ms. Davis also alleges that Police Chief Carmen Best and the Seattle Police Department

14   violated her constitutional rights by failing to come to her aid. But she has not identified what

15   specific constitutional right was violated when SPD allegedly failed to respond to her 911 call.

16   Generally, "a State's failure to protect an individual against private violence . . . does not

17   constitute a violation of the Due Process Clause [of the Fourteenth Amendment]." *DeShaney v.*

18   *Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). Ms. Davis makes passing

19   reference to the Equal Protection Clause but does not allege that Seattle Police acted with an

20   intent or purpose to discriminate against her based on her membership in a protected class, as is

21   required to state a claim for a violation of the Equal Protection Clause of the Fourteenth

22   Amendment. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525

23   U.S. 1154 (1999).

24       Finally, Ms. Davis cites to 34 U.S.C. § 12601, but that statute concerns the administration

25   of juvenile justice and gives enforcement authority to the Attorney General. Section 12601 has

26   no applicability here and cannot be enforced by Ms. Davis.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4.      **CONCLUSION**

For the foregoing reasons, the Court DISMISSES the remaining claims in this matter without prejudice. The Court DIRECTS the Clerk to mail a copy of this order to Ms. Davis and to close the case.

DATED this 12th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-1929-JCC
PAGE - 7